ACCEPTED
01-15-00024-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/23/2015 8:34:24 PM
CHRISTOPHER PRINI
CLERK

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
2/23/2015 8:34:24 PM
CHRISTOPHER A. PRINE
Clerk

NO. 01-15-00024-CV

COREY L. ROBERTS,
Appellant,

V.

CELIA CLANTON ROBERTS,
Appellee.

On Appeal from the County Court at Law
Orange County, Texas

Trial Court Cause No. C-140,473-D

## APPELLANT'S BRIEF

CORDELL & CORDELL, P.C.
1330 Post Oak Boulevard, Suite 1800
Houston, Texas 77056
Tel: (832) 730-2987, Fax: (832) 730-2966

By: _____
Aaron B. Pickelner
State Bar No. 24013329
E-mail: apickelner@cordelllaw.com
Lauren E. Melhart
State Bar No. 24060275
E-mail: lmelhart@cordelllaw.com
Attorneys for Appellant

ORAL ARGUMENT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to the Texas Rule of Appellate Procedure 38.1(a), Appellant, Corey L. Roberts, provides the following complete list of all parties and counsel to the trial court's judgment being appealed:

Appellant:
Corey L. Roberts
7705 Barton Rd.
Adrian, Michigan 49221

Trial/Appellate Counsel for Corey L. Roberts
Aaron B. Pickelner
CORDELL & CORDELL, P.C.
1300 Post Oak Blvd., Suite 1800
Houston, Texas 77056
State Bar No. 24013329
apickelner@cordelllaw.com

Appellee:
Celia Clanton Roberts
7126 W. Windy Lane
Orange, Texas 77630

Trial/Appellate Counsel for Celia Clanton Roberts
Joe D. Alford, Attorney at Law
105 S. Market Street
Orange, Texas 77630
State Bar No. 01012500
jd.alford@hotmail.com

# TABLE OF CONTENTS

I.      Identity of Parties and Counsel.................................................1

II.     Table of Contents.................................................................2

III.    Index of Authorities.............................................................4

IV.     Statement of the Case...........................................................6

V.      Issues Presented..................................................................7

VI.     Statement of Facts ..............................................................8

VII.    Summary of Argument..........................................................9

VIII.   Argument ..........................................................................9

    A. Issue Number One – Under the Texas Rules of Civil Procedure, does a
       trial court commit reversible error by granting a default judgment when
       the record clearly shows failure to strictly comply with the rules
       regarding service?

        1.    Standard of Review................................................9

        2.    The return of service was not on file for ten days as required under
              Rule 107(h) of the Texas Rules of Civil Procedure...............11

        3.    The return of service contained defects which prevent a finding of
              strict compliance with the Texas Rules of Civil Procedure..........11

    B. Issue Number Two – Under Texas law, does a trial court abuse its
       discretion by finding and ruling that one party shall be sole managing
       conservator when no pleadings included such a request, and the other
       party never received notice that sole conservatorship was
       a16issue?................................................................13

IX.     Prayer..............................................................................14

X.      Verification.......................................................................16

XI.     Certificate of Service……………………………………………... 17

XII.    Certificate of Compliance……………………………………...17

XIII.   Appendix…………………………………………....………....A-1

# INDEX OF AUTHORITIES

**Cases**                                                                                                          **Page**

*Barker CATV Constr., Inc. v. Ampro, Inc.,*
     989 S.W.2d 789 (Tex. App.—Houston [1st Dist.] 1999, no pet.).........10

*Cain v. Cain,*
     No. 14-07-00114-CV, 2007 Tex. App. LEXIS 9276,
     2007 WL 4200638 at *4 (Tex.App.—Houston 14th, 2007, no pet.) ........13

*Capitol Brick, Inc. v. Fleming Mfg. Co.,*
     722 S.W.2d 399 (Tex. 1986).............................................................13

*Halla v. Halla,*
     No. 14-06-01126-CV, 2007 Tex. App. LEXIS 6656,
     2007 WL 2367600 at *2 (Tex. App.—Houston 14th, 2007, no pet.) ........13

*Iliff v. Iliff,*
     339 S.W.3d 74, 82 (Tex. 2011).........................................................14

*Ins. Co. of State of Pa. v. Lejeune,*
     297 S.W.3d 254, 256 (Tex.2009). ......................................................11

*Laidlaw Waste Sys., Inc. v. Wallace,*
     944 S.W.2d 72 (Tex.App.—Waco 1997, writ denied).......................10

*Marrot Commc'ns, Inc. v. Town & Country P'ship,*
     227 S.W.3d 372 (Tex.App.—Houston [1st Dist.] 2007, pet. denied) ......9

*Midstate Envtl. Servs., LP v. Peterson,*
     435 S.W.3d 287 (Tex. App.—Waco, 2014)................................11

*Nueces County Housing Assistance, Inc. v. M & M Resources Corp.,*
     806 S.W.2d 948 (Tex.App.--Corpus Christi 1991, writ denied) ............9

*Patterson v. Brist,*
     236 S.W.3d 238, 240 (Tex. App., 2006) ....................................14

*Peck v. Peck,*
     172 S.W.3d 26, 25 (Tex. App.—Dallas, 2005, pet. denied)..................13

*Primate Constr., Inc. v. Silver,*
     884 S.W.2d 151 (Tex. 1994)(per curiam)....................................10

*Turner v. Turner,*
     47 S.W.3d 761, 763 (Tex.App.—Houston [1st Dist.] 2001, no pet.) .......14

*Worford v. Stamper,*
     801 S.W.2d 108 (Tex. 1990)....................................................14

## Statutes and Rules

TEX. R. CIV. P. 107...............................................................11, A-28

TEX. R. CIV. P. 239...............................................................13, A-30

TEX. R. CIV. P. 301...............................................................13, A-31

## Statement of the Case

This appeal arises from divorce litigation initiated by Celia Clanton Roberts ("Appellee") on May 16, 2014. (Record at 5.) Appellant, Corey L. Roberts, ("Appellant") was Respondent below. (R. at 5.)

On July 22, 2014, Appellee filed a *Motion for Alternative Service* which was granted on that same date (R. at 10, 14.) The return of service, filed on August 19, 2014, states that Linda Roberts was served on July 31, 2014. (R. at 15.)

On August 26, 2014, Appellee obtained a default judgment against Appellant. (R. at 17.).

On September 24, 2014, a *Motion to Set Aside Default Judgment and Motion for New Trial* was timely filed by Appellant. (R. at 44.) The trial court heard Appellant's requests on October 29, 2014, and thereafter denied the relief requested. (R. at 53.)

On November 21, 2014, Appellant filed notice of this appeal pursuant to Section 25.1 of the Texas Rules of Appellate Procedure. (R. at 56.)

# Issues Presented

1. Under the Texas Rules of Civil Procedure, does a trial court commit reversible error by granting a default judgment when the record clearly shows failure to strictly comply with the rules regarding service?

2. Under Texas law, does a trial court abuse its discretion by finding and ruling that one party shall be sole managing conservator when no pleadings included such a request, and the other party never received notice that sole conservatorship was at issue?

## Statement of Facts

This appeal arises from divorce litigation initiated by Celia Clanton Roberts ("Appellee") on May 16, 2014. (R. at 5) Among other things, in her petition, Appellee pled for the parties to be named joint managing conservators of their two children. (R. at 6.) Appellant, Corey L. Roberts, ("Appellant") was Respondent below and was a resident of Michigan at all relevant times. R. at 5.)

On July 22, 2014, Appellee filed a *Motion for Alternative Service*. (R. at 10) Her motion was granted on that same date and permission was given for Appellant to be served by leaving a copy of the citation, pleadings, and orders with a person over the age of 16 at his residence or by attaching the documents to the main entry door of his residence. (R. at 14) According to the return of service, filed on August 19, 2014, Linda Roberts was served on July 31, 2014. (R. at 15.)

On August 26, 2014, approximately one week after the proof service was filed, Appellee obtained a default judgment against Appellant. (R. at 17.) In addition to granting the divorce, the court's ruling included orders naming Appellee sole managing conservator of the parties' two children. (R. at 19.)

On September 24, 2014, a *Motion to Set Aside Default Judgment and Motion for New Trial* was timely filed by Appellant. (R. at 44.) The trial court heard Appellant's requests on October 29, 2014. (R. at 53.) At this hearing, Appellant testified that he never received actual notice of the suit. No contradicting

testimony was offered by Appellee (Reporter's Record, vol. 3, p. 7:8-15, 8:4-8).

The court denied Appellant's relief requested on the same date. (R. at 53.)

On November 21, 2014, Appellant filed notice of this appeal. (R. at 56.)

## Summary of the Argument

The trial court abused its discretion by granting a default judgment against Appellant when the return of service had not been on file the requisite ten day period.

The trial court abused its discretion by denying Appellant's request to set aside the default judgment when the return of service is defective and does not show strict compliance with the law.

The trial court abused is discretion by naming Appellee the sole managing conservator of the parties' children when the pleadings did not request sole managing conservatorship and thus the issue was not before the court.

## Argument

A.    Issue Number One.

**Under the Texas Rules of Civil Procedure, does a trial court commit reversible error by granting a default judgment when the record clearly shows failure to strictly comply with the rules regarding service?**

1.    Standard of Review

When a no-answer default judgment is challenged, the record must show strict compliance with the manner and mode of service; otherwise, the service is

invalid and the default judgment is void. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994)(per curiam). It is the responsibility of the one requesting service to see that service is properly accomplished. *Laidlaw Waste Sys., Inc. v. Wallace*, 944 S.W.2d 72, 75 (Tex.App.—Waco 1997, writ denied). This responsibility extends to assuring that service is properly reflected in the record. *Id.* "In contrast to the usual rule that all presumptions will be made in support of a judgment, there are no presumptions of valid issuance, service, and return of citation when examining a default judgment." *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 792 (Tex. App.--Houston [1st Dist.] 1999, no pet.); see also *Primate Constr., Inc.*, 884 S.W.2d at 152. If the record before the trial court does not affirmatively show, at the time that default judgment is rendered, that the defendant has appeared, was properly served, or waived service in writing, the trial court lacks personal jurisdiction over the defendant. *Marrot Commc'ns, Inc. v. Town & Country P'ship*, 227 S.W.3d 372, 376 (Tex.App.—Houston [1st Dist.] 2007, pet. denied). Virtually any deviation from the requisites of statutes and Rules of Civil Procedure for service of process will destroy a default judgment. *Nueces County Housing Assistance, Inc. v. M & M Resources Corp.*, 806 S.W.2d 948, 949 (Tex.App.--Corpus Christi 1991, writ denied). Rendition of a default judgment when there is a failure to strictly comply with the procedural rules regarding service constitutes reversible error and the judgment

must be overturned. See *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 256 (Tex.2009).

2. The return of service was not on file for ten days as required under Rule 107(h) of the Texas Rules of Civil Procedure.

A default judgment may only be obtained if the return of service has been on file with the court's clerk for ten days. TEX. R. CIV. P. 107. Rule 107(h) of the Texas Rules of Civil Procedure, specifically states "no default judgment shall be granted in any cause until proof of service...shall have been on file with the clerk of the court ten days." Any default judgment granted when the return has not been on file for the required amount of time is void. See *Midstate Envtl. Servs., LP v. Peterson*, 435 S.W.3d 287, 291 (Tex. App.—Waco, 2014).

In the case at bar, Appellee obtained a default judgment on August 26, 2014. (R. at 17.) The return of service upon which she relied to show compliance with the Texas Rules of Civil Procedure was only filed 6 days prior, on August 19, 2014. (R. at 15.) Accordingly, it is clear from the record that Appellant failed to strictly comply with the Rules of Civil Procedure, and the lower court committed reversible error by granting the default judgment. The lower court never obtained personal jurisdiction over Appellant and thus the order is void.

3. The return of service contained defects which prevent a finding of strict compliance with the Texas Rules of Civil Procedure.

Rule 107 of the Texas Rules of Civil Procedure dictates the requirements

- 11 -

that must be complied with in order to properly effectuate and document service on a respondent. This rule specifically lays out the contents of the return of service (i.e. the person served, a description of what was served), the information that must be provided by a process server (i.e. his address), and imposes the procedure to be followed whether serving by personal service or an alternative method. *Id.*

In this case, there are several defects in the return and associated affidavit which prevent a finding of strict compliance with the Rules of Civil Procedure. First, the documents contain conflicting statements as to who was served. (R. 15-16.) The first page of the return of service that the individual served was "Linda Roberts" and the respondent was not served. (R. 15.) The second page, containing the process server's affidavit, then goes on to state that the respondent was served. (R. 16.) The affidavit provides a line for disclosure of the name of any person on whom the documents were served as a permitted proxy of the respondent. (R. 16.) This line is completely blank. (R. 16.)

Second, the documents never state what precisely was served on the respondent. The return states that the citation and petition were served by "delivering" them to Linda Roberts without stating that she was a person over the age of 16 at the respondent's resident or by attaching them to the main entry door of his home (the only two permitted methods for substitute service in this case). (R. 15.) The affidavit merely states that the process server left copies of

- 12 -

undescribed documents at the dwelling with someone over the age of 60. (R. 16.)

Finally, no where in the return or related affidavit is the address for the process server provided. (R. 15-16.)

It was Appellee's responsibility and burden to supply the court with proof that service was properly accomplished. There are multiple deviations from the requisites of the procedural rules for service of process contained in her proof and thus the default judgment cannot stand.

B.    Issue Number Two.

**Under Texas law, does a trial court abuse its discretion by finding and ruling that one party shall be sole managing conservator when no pleadings included such a request, and the other party never received notice that sole conservatorship was at issue?**

A trial court may only render a default judgment on the pleadings against a respondent that has neither appeared nor answered. TEX. R. CIV. P. 239. A default judgment, though, must be based on the pleadings of the non-defaulting party. TEX. R. CIV. P. 301; see also *Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986). While technical pleading rules are of reduced significance where the best interests of the child are the paramount concern, *e.g. Cain v. Cain*, No. 14-07-00114-CV, 2007 Tex. App. LEXIS 9276, 2007 WL 4200638 at *4 (Tex.App.—Houston 14th, 2007, no pet.), *Halla v. Halla*, No. 14-06-01126-CV, 2007 Tex. App. LEXIS 6656, 2007 WL 2367600 at *2 (Tex. App.—Houston 14th, 2007, no pet.), *Peck v. Peck*, 172 S.W.3d 26, 25 (Tex. App.—Dallas, 2005, pet.

- 13 -

denied), the pleadings still must place the other side on notice of the claim involved. *Halla,* at *2.

A trial court's rulings on conservatorship and possession are reviewed for abuse of discretion. *Turner v. Turner,* 47 S.W.3d 761, 763 (Tex.App.—Houston [1st Dist.] 2001, no pet.). A court abuses its discretion if it fails to follow the law. See *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex. 1990); see also *Iliff v. Iliff,* 339 S.W.3d 74, 82 (Tex. 2011). Only if it is determined from reviewing the record as a whole, that the trial court abused its discretion will the lower court's ruling be reversed. *Patterson v. Brist,* 236 S.W.3d 238, 240 (Tex. App., 2006).

In her original petition for divorce, Appellee requested that the parties be named joint managing conservators of the parties' two children. (R. 6.) There is nothing in her petition requesting sole managing conservatorship of the children or that could serve as notice to Appellant that such a claim was at issue. (R. at 5-8.) The default judgment rendered by the lower court, though, named Appellee sole managing conservator. (R. at 19.) This appointment did not conform to the pleadings of Appellee and cannot stand.

## Prayer

Appellant respectfully requests, based on the argument and authorities contained herein, that the Court reverse the applicable rulings of the Orange County, Texas County Court at Law and hold as follows -

- The default judgment is invalid and thus the trial court abused its discretion by denying Appellant's request to set aside the order; and

- The trial court abused its discretion by naming Appellee sole managing conservator.

Appellant further requests that the Court remand this case to the lower court for a properly noticed trial on the merits.

Respectfully Submitted,

CORDELL & CORDELL, P.C.
1330 Post Oak Boulevard, Suite 1800
Houston, Texas 77056
Tel: (832) 730-2987, Fax: (832) 730-2966

By: /s/ Aaron B. Pickelner
    Aaron B. Pickelner
    State Bar No. 24013329
    E-mail: apickelner@cordelllaw.com
    Lauren E. Melhart
    State Bar No. 24060275
    E-mail: lmelhart@cordelllaw.com
    Attorneys for Appellant

**STATE OF TEXAS** §

**COUNTY OF HARRIS** §

Before me, the undersigned authority appeared, Aaron B. Pickelner, known to me to be the person whose name is subscribed below, who stated, under oath, that he is above the age of twenty-one years, he is the attorney for Appellant, Corey L. Roberts, in his capacity as such, has personally reviewed all exhibits contained in the appendix to this Appellant's Brief, he has personal knowledge that all such exhibits are true, correct and complete as contained in the files of Orange County District Clerk or LexisNexis, as applicable, except as redacted in compliance with the applicable Texas Rules of Appellate Procedure.

_____
Aaron B. Pickelner

SWORN TO AND SUBSCRIBED BEFORE ME this _23rd_ day of _February_, 2015.

_____
Notary Public in and for the State of Texas



KATHRYN MARTI-RUIZ
Notary Public, State of Texas
My Commission Expires
June 18, 2018

- 16 -

## Certificate of Service

I certify that a true copy of the foregoing with attached appendix was served in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure on each party or that party's lead counsel via e-service on February 23, 2015:

**Counsel for Appellee:**
Mr. Joe D. Alford
105 S. Market Street
Orange, Texas 77630

/s/ Aaron B. Pickelner
Aaron B. Pickelner
Lauren E. Melhart
Attorneys for Appellant

## Certificate of Compliance

Pursuant to TEX. R. APP. P. 9.4(i)(3), I certify that this document contains 1,791 words and is thus within the limits imposed by TEX. R. APP. P. 9.4(i)(2)(B).

/s/ Aaron B. Pickelner
Aaron B. Pickelner
Lauren E. Melhart
Attorneys for Appellant

# APPENDEX

1.    Final Decree of Divorce.

2.    Texas Rule of Civil Procedure 107.

3.    Texas Rule of Civil Procedure 239

4.    Texas Rule of Civil Procedure 301.

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

### NO. C-140,473-D

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE COUNTY COURT AT LAW |
| THE MARRIAGE OF | § | |
| | § | |
| CELIA CLANTON ROBERTS | § | |
| AND | § | |
| COREY L. ROBERTS | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| COREY SEBASTIAN ROBERTS AND | § | ORANGE COUNTY, TEXAS |
| LILY MARIE ROBERTS, CHILDREN | § | |

### FINAL DECREE OF DIVORCE

On August 26, 2014 the Court heard this case.

*Appearances*

Petitioner, **CELIA CLANTON ROBERTS**, appeared in person and through attorney of record, JOE D. ALFORD, and announced ready for trial.

Respondent, **COREY L. ROBERTS**, although duly and properly cited, did not appear and wholly made default.

*Record*

The record of testimony was duly reported by the court reporter for the County Court at Law.

*Jurisdiction and Domicile*

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed.

A-1

The Court further finds that, at the time this suit was filed, Petitioner had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

*Jury*

A jury was waived, and questions of fact and of law were submitted to the Court.

*Divorce*

IT IS ORDERED AND DECREED that CELIA CLANTON ROBERTS, Petitioner, and COREY L. ROBERTS, Respondent, are divorced and that the marriage between them is dissolved on the ground of insupportability.

*Children of the Marriage*

The Court finds that Petitioner and Respondent are the parents of the following children:

Name: **COREY SEBASTIAN ROBERTS**

Sex: Male

Birth date: June 24, 2005

Home state: Texas

Social Security number: ***-**-5012

Name: **LILY MARIE ROBERTS**

Sex: Female

Birth date: March 3, 2011

Home state: Texas

Social Security number: ***-**-4949

The Court finds no other children of the marriage are expected.

A-2

*Parenting Plan*

The Court finds that the provisions in this decree relating to the rights and duties of the parties with relation to the children, possession of and access to the children, child support, and optimizing the development of a close and continuing relationship between each party and the children constitute the parenting plan established by the Court.

*Conservatorship*

The Court, having considered the circumstances of the parents and of the children, finds that the following orders are in the best interest of the children.

IT IS ORDERED that **CELIA CLANTON ROBERTS** is appointed **Sole Managing Conservator** and **COREY L. ROBERTS** is appointed **Possessory Conservator** of the following children: COREY SEBASTIAN ROBERTS and LILY MARIE ROBERTS

IT IS ORDERED that, at all times, **CELIA CLANTON ROBERTS**, as a parent sole managing conservator, shall have the following rights:

1. the right to receive information from any other conservator of the children concerning the health, education, and welfare of the children;

2. *the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the children;*

3. the right of access to medical, dental, psychological, and educational records of the children;

4. the right to consult with a physician, dentist, or psychologist of the children;

5. the right to consult with school officials concerning the children's welfare and educational status, including school activities;

6. the right to attend school activities;

7. the right to be designated on the children's records as a person to be notified in case of an emergency;

A-3

8. the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the children; and

9. the right to manage the estates of the children to the extent the estates have been created by the parent or the parent's family.

IT IS ORDERED that, at all times, **COREY L. ROBERTS**, as a parent possessory conservator, shall have the following rights:

1. the right to receive information from any other conservator of the children concerning the health, education, and welfare of the children;

2. the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the children;

3. the right of access to medical, dental, psychological, and educational records of the children;

4. *the right to consult with a physician, dentist, or psychologist of the children;*

5. the right to consult with school officials concerning the children's welfare and educational status, including school activities;

6. the right to attend school activities;

7. the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the children; and

8. the right to manage the estates of the children to the extent the estates have been created by the parent or the parent's family.

IT IS ORDERED that, at all times, **CELIA CLANTON ROBERTS**, as a parent sole managing conservator shall have the following duties:

1. the duty to inform the other conservator of the children in a timely manner of significant information concerning the health, education, and welfare of the children; and

2. the duty to inform the other conservator of the children if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the conservator of the children begins to reside with the person or on the tenth day after the date the marriage

Page 4 of 27

A-4

occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.

IT IS ORDERED that, at all times, **COREY L. ROBERTS**, as a parent possessory conservator, shall have the following duties:

1. the duty to inform the other conservator of the children in a timely manner of significant information concerning the health, education, and welfare of the children; and

2. the duty to inform the other conservator of the children if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the conservator of the children begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.

IT IS ORDERED that, during her periods of possession, **CELIA CLANTON ROBERTS**, as a parent sole managing conservator, shall have the following rights and duties:

1. the duty of care, control, protection, and reasonable discipline of the children;

2. the duty to support the children, including providing the children with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3. the right to consent for the children to medical and dental care not involving an invasive procedure; and

4. the right to direct the moral and religious training of the children.

A-5

IT IS ORDERED that, during his periods of possession, **COREY L. ROBERTS**, as a parent possessory conservator, shall have the following rights and duties:

1. the duty of care, control, protection, and reasonable discipline of the children;

2. the duty to support the children, including providing the children with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3. the right to consent for the children to medical and dental care not involving an invasive procedure; and

4. the right to direct the moral and religious training of the children.

IT IS ORDERED that **CELIA CLANTON ROBERTS**, as parent sole managing conservator, shall have the following **exclusive** rights and duty:

1. the right to designate the primary residence of the children;

2. the right to consent to medical, dental, and surgical treatment involving invasive procedures;

3. the right to consent to psychiatric and psychological treatment of the children;

4. the right to receive and give receipt for periodic payments for the support of the children and to hold or disburse these funds for the benefit of the children;

5. the right to represent the children in legal action and to make other decisions of substantial legal significance concerning the children;

6. the right to consent to marriage and to enlistment in the armed forces of the United States;

7. the right to make decisions concerning the children's education;

8. except as provided by section 264.0111 of the Texas Family Code, the right to the services and earnings of the children;

9. except when a guardian of the children's estates or a guardian or attorney ad litem has been appointed for the children, the right to act as an agent of the children in relation to the children's estates if the children's action is required by a state, the United States, or a foreign government; and

10. the duty to manage the estates of the children to the extent the estates have been created by community property or the joint property of the parents.

Page 6 of 27

A-6

*Passport Provisions*

IT IS ORDERED that **CELIA CLANTON ROBERTS** has the sole and exclusive right to apply for a passport for the children, COREY SEBASTIAN ROBERTS and LILY MARIE ROBERTS.

IT IS FURTHER ORDERED that **COREY L. ROBERTS** is prohibited from applying for a passport for the children, COREY SEBASTIAN ROBERTS and LILY MARIE ROBERTS.

IT IS ORDERED that CELIA CLANTON ROBERTS shall have the right to maintain possession of any passports of the children, COREY SEBASTIAN ROBERTS and LILY MARIE ROBERTS.

*Possession and Access*

1.    *Possession Order*

IT IS ORDERED that each conservator shall comply with all terms and conditions of this Possession Order. IT IS ORDERED that this Possession Order is effective immediately and applies to all periods of possession occurring on and after the date the Court signs this Possession Order. IT IS, THEREFORE, ORDERED:

(a)    Definitions

1.    In this Possession Order "school" means the primary or secondary school in which the child is enrolled or, if the child is not enrolled in a primary or secondary school, the public school district in which the child primarily resides.

2.    In this Possession Order "child" includes each child, whether one or more, who is a subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

(b)    Mutual Agreement or Specified Terms for Possession

IT IS ORDERED that COREY L. ROBERTS shall have possession of the child at times mutually agreed to in advance by COREY L. ROBERTS and CELIA CLANTON ROBERTS.

A-7

IT IS FURTHER ORDERED that each period of possession that is mutually agreed to by COREY L. ROBERTS and CELIA CLANTON ROBERTS must be in writing, state the date which the mutual agreement was made, state the beginning date and time of COREY L. ROBERTS' period of possession, state the ending date and time of COREY L. ROBERTS' period of possession, and be signed by both parties.

(c)     Undesignated Periods of Possession

CELIA CLANTON ROBERTS shall have the right of possession of the child at all other times not specifically designated in this Possession Order for COREY L. ROBERTS.

(d)     General Terms and Conditions

Except as otherwise expressly provided in this Possession Order, the terms and conditions of possession of the child that apply regardless of the distance between the residence of a parent and the child are as follows:

1.     Surrender of Child by CELIA CLANTON ROBERTS - CELIA CLANTON ROBERTS is ORDERED to surrender the child to COREY L. ROBERTS at the beginning of each period of COREY L. ROBERTS's possession at the residence of CELIA CLANTON ROBERTS.

2.     Return of Child by COREY L. ROBERTS - COREY L. ROBERTS is ORDERED to return the child to the residence of CELIA CLANTON ROBERTS at the end of each period of possession.

3.     Surrender of Child by COREY L. ROBERTS - COREY L. ROBERTS is ORDERED to surrender the child to CELIA CLANTON ROBERTS, if the child is in COREY L. ROBERTS's possession or subject to COREY L. ROBERTS's control, at the beginning of each period of CELIA CLANTON ROBERTS's exclusive periods of possession, at the place designated in this Possession Order.

4.     Return of Child by CELIA CLANTON ROBERTS - CELIA CLANTON ROBERTS is ORDERED to return the child to COREY L. ROBERTS, if COREY L. ROBERTS is entitled to possession of the child, at the end of each of CELIA CLANTON ROBERTS's exclusive periods of possession, at the place designated in this Possession Order.

5.     Personal Effects - Each conservator is ORDERED to return with the child the personal effects that the child brought at the beginning of the period of possession.

A-8

6.      Designation of Competent Adult – IT IS ORDERED that CELIA CLANTON ROBERTS may designate any competent adult to pick up and return the child, as applicable.    IT IS FURTHER ORDERED that COREY L. ROBERTS is prohibited from designated a competent adult to pick up and return the child, as applicable.    IT IS FURTHER ORDERED that a conservator or a designated competent adult be present when the child is picked up or returned.

7.      Inability to Exercise Possession – Each conservator is ORDERED to give notice to the person in possession of the child on each occasion that the conservator will be unable to exercise that conservator's right of possession for any specified period.

8.      Written Notice – Written notice, including notice provided by electronic mail or facsimile, shall be deemed to have been timely made if received or, if applicable, postmarked before or at the time that notice is due.   Each conservator is ORDERED to notify the other conservator of any change in the conservator's electronic mail address or facsimile number within twenty-four hours after the change.

This concludes the Possession Order.

2.    *Duration*

The periods of possession ordered above apply to each child the subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

3.    *Noninterference with Possession*

Except as expressly provided herein, IT IS ORDERED that neither conservator shall take possession of the children during the other conservator's period of possession unless there is a prior written agreement signed by both conservators or in case of an emergency.

4.    *Supervised Visitation*

IT IS ORDERED that any and all periods of possession or access to the children exercised by COREY L. ROBERTS shall be under the direct and continuous supervision of a competent adult designated by CELIA CLANTON ROBERTS.

Page 9 of 27

A-9

5. *Termination of Orders*

The provisions of this decree relating to conservatorship, possession, or access terminate on the remarriage of CELIA CLANTON ROBERTS to COREY L. ROBERTS unless a nonparent or agency has been appointed conservator of the children·under chapter 153 of the Texas Family Code.

*Child Support*

IT IS ORDERED that COREY L. ROBERTS is obligated to pay and shall pay to CELIA CLANTON ROBERTS child support of **four hundred eighty-nine dollars and fifty-five cents ($489.55) per month,** with the first payment being due and payable on **September 1, 2014** and a like payment being due and payable on the 1st day of each month thereafter until the first month following the date of the earliest occurrence of one of the events specified below:

1. any child reaches the age of eighteen years or graduates from high school, whichever occurs later, subject to the provisions for support beyond the age of eighteen years set out below;

2. any child marries;

3. any child dies;

4. the child enlists in the armed forces of the United States and begins active service as defined by section 101 of title 10 of the United States Code; or

5. any child's disabilities are otherwise removed for general purposes.

Thereafter, COREY L. ROBERTS is ORDERED to pay to CELIA CLANTON ROBERTS child support of **three hundred ninety-one dollars and sixty-four cents ($391.64) per month,** due and payable on the 1st day of the first month immediately following the date of the earliest occurrence of one of the events specified above for the other child and a like sum of

Page 10 of 27

A-10

three hundred ninety-one dollars and sixty-four cents ($391.64) due and payable on the 1st day of each month thereafter until the next occurrence of one of the events specified above for the other child.

If the child is eighteen years of age and has not graduated from high school, IT IS ORDERED that COREY L. ROBERTS's obligation to pay child support to CELIA CLANTON ROBERTS shall not terminate but shall continue for as long as the child is enrolled-

1.    under chapter 25 of the Texas Education Code in an accredited secondary school in a program leading toward a high school diploma or under section 130.008 of the Education Code in courses for joint high school and junior college credit and is complying with the minimum attendance requirements of subchapter C of chapter 25 of the Education Code or

2.    on a full-time basis in a private secondary school in a program leading toward a high school diploma and is complying with the minimum attendance requirements imposed by that school.

### Withholding from Earnings

IT IS ORDERED that any employer of COREY L. ROBERTS shall be ordered to withhold from earnings for child support from the disposable earnings of COREY L. ROBERTS for the support of COREY SEBASTIAN ROBERTS and LILY MARIE ROBERTS.

IT IS FURTHER ORDERED that all amounts withheld from the disposable earnings of COREY L. ROBERTS by the employer and paid in accordance with the order to that employer shall constitute a credit against the child support obligation. Payment of the full amount of child support ordered paid by this decree through the means of withholding from earnings shall discharge the child support obligation. If the amount withheld from earnings and credited against the child support obligation is less than 100 percent of the amount ordered to be paid by

A-11

this decree, the balance due remains an obligation of COREY L. ROBERTS, and it is hereby ORDERED that COREY L. ROBERTS pay the balance due directly to the state disbursement unit specified below.

On this date the Court signed an Income Withholding for Support.

Payment

IT IS ORDERED that all payments shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791, and thereafter promptly remitted to CELIA CLANTON ROBERTS for the support of the children. IT IS ORDERED that each party shall pay, when due, all fees charged to that party by the state disbursement unit and any other agency statutorily authorized to charge a fee.

Change of Employment

IT IS FURTHER ORDERED that COREY L. ROBERTS shall notify this Court and CELIA CLANTON ROBERTS by U.S. certified mail, return receipt requested, of any change of address and of any termination of employment. This notice shall be given no later than seven days after the change of address or the termination of employment. This notice or a subsequent notice shall also provide the current address of COREY L. ROBERTS and the name and address of his current employer, whenever that information becomes available.

Clerk's Duties

IT IS ORDERED that, on the request of a prosecuting attorney, the title IV-D agency, the friend of the Court, a domestic relations office, CELIA CLANTON ROBERTS, COREY L. ROBERTS, or an attorney representing CELIA CLANTON ROBERTS or COREY L. ROBERTS, the clerk of this Court shall cause a certified copy of the Income Withholding for Support to be delivered to any employer.

A-12

*Health Care*

1.     IT IS ORDERED that CELIA CLANTON ROBERTS and COREY L. ROBERTS shall each provide medical support for each child as set out in this order as additional child support for as long as the Court may order CELIA CLANTON ROBERTS and COREY L. ROBERTS to provide support for the child under sections 154.001 and 154.002 of the Texas Family Code. Beginning on the day CELIA CLANTON ROBERTS and COREY L. ROBERTS's actual or potential obligation to support a child under sections 154.001 and 154.002 of the Family Code terminates, IT IS ORDERED that CELIA CLANTON ROBERTS and COREY L. ROBERTS are discharged from the obligations set forth in this medical support order with respect to that child, except for any failure by a parent to fully comply with those obligations before that date. IT IS FURTHER ORDERED that the cash medical support payments ordered below are payable through the state disbursement unit and subject to the provisions for withholding from earnings provided above for other child support payments.

2.     Definitions –

"Health Insurance" means insurance coverage that provides basic health-care services, including usual physician services, office visits, hospitalization, and laboratory, X-ray, and emergency services, that may be provided through a health maintenance organization or other private or public organization, other than medical assistance under chapter 32 of the Texas Human Resources Code.

"Reasonable cost" means the total cost of health insurance coverage for all children for which COREY L. ROBERTS is responsible under a medical support order that does not exceed 9 percent of COREY L. ROBERTS 's annual resources, as described by section 154.062(b) of the Texas Family Code.

A-13

"Reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of a child" include, without limitation, any copayments for office visits or prescription drugs, the yearly deductible, if any, and medical, surgical, prescription drug, mental health-care services, dental, eye care, ophthalmological, and orthodontic charges. These reasonable and necessary health-care expenses do not include expenses for travel to and from the health-care provider or for nonprescription medication.

"Furnish" means -

   a.   to hand deliver the document by a person eighteen years of age or older either to the recipient or to a person who is eighteen years of age or older and permanently resides with the recipient;

   b.   to deliver the document to the recipient by certified mail, return receipt requested, to the recipient's last known mailing or residence address; or

   c.   to deliver the document to the recipient at the recipient's last known mailing or residence address using any person or entity whose principal business is that of a courier or deliverer of papers or documents either within or outside the United States.

3.      Findings on Health Insurance Availability- Having considered the cost, accessibility, and quality of health insurance coverage available to the parties, the Court finds:

No parent has access to private health insurance at a reasonable cost.

IT IS FURTHER FOUND that the following orders regarding health-care coverage are in the best interest of the children.

A-14

4.    Provision of Health-Care Coverage -

COREY L. ROBERTS is ORDERED to apply, within 30 days after entry of this order, for coverage under a governmental medical assistance program or health plan for each child who is the subject of this suit.

When such health coverage is obtained, COREY L. ROBERTS is ORDERED to maintain the coverage in full force and effect on each child who is the subject of this suit as long as child support is payable for that child, by paying all applicable fees required for the coverage, including but not limited to enrollment fees and premiums. COREY L. ROBERTS is ORDERED to furnish CELIA CLANTON ROBERTS a true and correct copy of the health insurance policy or certification and a schedule of benefits within 15 days following the signing of this order. COREY L. ROBERTS is FURTHER ORDERED to furnish CELIA CLANTON ROBERTS copies of the insurance cards and any other forms necessary for use of the insurance within 15 days following the signing of this order. COREY L. ROBERTS is ORDERED to provide, within three days of receipt by COREY L. ROBERTS, to CELIA CLANTON ROBERTS any insurance checks, other payments, or explanations of benefits relating to any medical expenses for the children that CELIA CLANTON ROBERTS paid or incurred.

Pursuant to section 154.183(c) of the Texas Family Code, the reasonable and necessary health-care expenses of the children that are not reimbursed by health insurance or are not otherwise covered by the amount of cash medical support under section 154.182(b) are allocated as follows: CELIA CLANTON ROBERTS is ORDERED to pay 50 percent and COREY L. ROBERTS is ORDERED to pay 50 percent of the total unreimbursed health-care expenses that exceed the amount covered by health insurance.

The party who incurs a health-care expense on behalf of the children is ORDERED to

Page 15 of 27

furnish to the other party all forms, receipts, bills, statements, and explanations of benefits reflecting the uninsured portion of the health-care expenses within thirty days after he or she receives them. The nonincurring party is ORDERED to pay his or her share or percentage of the uninsured portion of the health-care expenses either by paying the health-care provider directly or by reimbursing the incurring party for any advance payment exceeding the incurring party's share or percentage of the uninsured portion of the health-care expenses within thirty days after the nonincurring party receives the forms, receipts, bills, statements, and explanations of benefits.

These provisions apply to all unreimbursed health-care expenses of any child who is the subject of this order for the provision of health-care coverage that are incurred while cash medical support is payable for that child.

5. WARNING - A PARENT ORDERED TO PROVIDE HEALTH INSURANCE OR TO PAY THE OTHER PARENT ADDITIONAL CHILD SUPPORT FOR THE COST OF HEALTH INSURANCE WHO FAILS TO DO SO IS LIABLE FOR NECESSARY MEDICAL EXPENSES OF THE CHILDREN, WITHOUT REGARD TO WHETHER THE EXPENSES WOULD HAVE BEEN PAID IF HEALTH INSURANCE HAD BEEN PROVIDED, AND FOR THE COST OF HEALTH INSURANCE PREMIUMS OR CONTRIBUTIONS, IF ANY, PAID ON BEHALF OF THE CHILDREN.

*Miscellaneous Child Support Provisions*

<u>No Credit for Informal Payments</u>

IT IS ORDERED that the child support as prescribed in this decree shall be exclusively discharged in the manner ordered and that any direct payments made by COREY L. ROBERTS to CELIA CLANTON ROBERTS or any expenditures incurred by COREY L. ROBERTS

during COREY L. ROBERTS's periods of possession of or access to the children, as prescribed in this decree, for food, clothing, gifts, travel, shelter, or entertainment are deemed in addition to and not in lieu of the support ordered in this decree.

### Support as Obligation of Estate

IT IS ORDERED that the provisions for child support in this decree shall be an obligation of the estate of COREY L. ROBERTS and shall not terminate on the death of COREY L. ROBERTS. Payments received for the benefit of the children, including payments from the Social Security Administration, Department of Veterans Affairs or other governmental agency or life insurance proceeds, annuity payments, trust distributions, or retirement survivor benefits, shall be a credit against this obligation. Any remaining balance of the child support is an obligation of COREY L. ROBERTS's estate.

### Termination of Orders on Remarriage of Parties but Not on Death of Obligee

The provisions of this decree relating to current child support terminate on the remarriage of CELIA CLANTON ROBERTS to COREY L. ROBERTS unless a nonparent or agency has been appointed conservator of the children under chapter 153 of the Texas Family Code. An obligation to pay child support under this decree does not terminate on the death of CELIA CLANTON ROBERTS but continues as an obligation to COREY SEBASTIAN ROBERTS and LILY MARIE ROBERTS.

A-17

*Information Regarding Parties*

The information required for each party by section 105.006(a) of the Texas Family Code

is as follows:

Name: **CELIA CLANTON ROBERTS**

| | |
|---|---|
| Social Security number: | ***-**-3990 |
| Driver's license number: | 15756492     Issuing state:  Texas |
| Current residence address: | 7126 West Wendy Lane, Orange, Texas 77630 |
| Mailing address: | 7126 West Wendy Lane, Orange, Texas 77630 |
| Home telephone number: | (409) 553-4078 |
| Name of employer: | _____ |
| Address of employment: | _____ |
| Work telephone number: | _____ |

Name: **COREY L. ROBERTS**

| | |
|---|---|
| Social Security number: | ***-**-2636 |
| Driver's license number | 029303025     Issuing state:  Texas |
| Current residence address: | 7705 Burton Road, Adrian, Michigan 49221 |
| Mailing address: | 7705 Burton Road, Adrian, Michigan 49221 |
| Home telephone number: | _____ |
| Name of employer: | Ferris & Sons Milk Hauling Inc. |
| Address of employment: | 9480 Herold Highway, Addison, Michigan 49220 |
| Work telephone number: | (517) 547-7676 |

*Required Notices*

EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER, AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN

A-18

SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY WITH THE CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

Notice shall be given to the other party by delivering a copy of the notice to the party by registered or certified mail, return receipt requested. Notice shall be given to the Court by delivering a copy of the notice either in person to the clerk of this Court or by registered or certified mail addressed to the clerk at 801 Division, Orange, Texas 77630. Notice shall be given to the state case registry by mailing a copy of the notice to State Case Registry, Contract Services Section, MC046S, P.O. Box 12017, Austin, Texas 78711-2017.

NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT

A-19

ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.

*Warnings to Parties*

WARNINGS TO PARTIES: FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY'S NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

A-20

*Division of Marital Estate*

The Court finds that the following is a just and right division of the parties' marital estate, having due regard for the rights of each party and the children of the marriage.

Property to Husband

IT IS ORDERED AND DECREED that the husband, COREY L. ROBERTS, is awarded the following as his sole and separate property, and the wife is divested of all right, title, interest, and claim in and to that property:

H-1.　All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the husband or subject to his sole control.

H-2.　All clothing, jewelry, and other personal effects in the possession of the husband or subject to his sole control.

H-3.　All sums of cash in the possession of the husband or subject to his sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the husband's sole name or from which the husband has the sole right to withdraw funds or which are subject to the husband's sole control.

H-4.　All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the husband's past, present, or future employment.

H-21

Property to Wife

IT IS ORDERED AND DECREED that the wife, CELIA CLANTON ROBERTS, is awarded the following as her sole and separate property, and the husband is divested of all right, title, interest, and claim in and to that property:

W-1.   All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the wife or subject to her sole control.

W-2.   All clothing, jewelry, and other personal effects in the possession of the wife or subject to her sole control.

W-3.   All sums of cash in the possession of the wife or subject to her sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the wife's sole name or from which the wife has the sole right to withdraw funds or which are subject to the wife's sole control.

W-4.   The sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the wife's past, present, or future employment.

W-5.   The 2002 Honda Odyssey EXL motor vehicle, vehicle identification number 5FNRL18062B023344, together with all prepaid insurance, keys, and title documents.

A-22

Division of Debt

Debts to Husband

IT IS ORDERED AND DECREED that the husband, COREY L. ROBERTS, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the wife and her property harmless from any failure to so discharge, these items:

H-1.   All debts, charges, liabilities, and other obligations incurred solely by the husband unless express provision is made in this decree to the contrary.

H-2.   All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to the husband in this decree unless express provision is made in this decree to the contrary.

H-3.   The debt owed to Dupont Goodrich Federal Credit Union, Account Number 7013815.

Debts to Wife

IT IS ORDERED AND DECREED that the wife, CELIA CLANTON ROBERTS, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the husband and his property harmless from any failure to so discharge, these items:

W-1.   The balance due, including principal, interest, and all other charges, on the promissory note payable to Sattler Automotive Group and given as part of the purchase price of and secured by a lien on the 2002 Honda Odyssey EXL motor vehicle awarded to wife.

W-2.   All debts, charges, liabilities, and other obligations incurred solely by the wife unless express provision is made in this decree to the contrary.

W-3.   All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to the wife in this decree unless express

Page 23 of 27

A-23

provision is made in this decree to the contrary.

Notice

IT IS ORDERED AND DECREED that each party shall send to the other party, within three days of its receipt, a copy of any correspondence from a creditor or taxing authority concerning any potential liability of the other party.

Attorney's Fees

To effect an equitable division of the estate of the parties and as a part of the division, and for services rendered in connection with conservatorship and support of the children, each party shall be responsible for his or her own attorney's fees, expenses, and costs incurred as a result of legal representation in this case.

Liability for Federal Income Taxes for Prior Year

IT IS ORDERED AND DECREED that CELIA CLANTON ROBERTS and COREY L. ROBERTS shall be equally responsible for all federal income tax liabilities of the parties from the date of marriage through December 31, 2013, and each party shall timely pay 50 percent of any deficiencies, assessments, penalties, or interest due thereon and shall indemnify and hold the other party and his or her property harmless from 50 percent of such liabilities unless such additional tax, penalty, and/or interest resulted from a party's omission of taxable income or claim of erroneous deductions. In such case, the portion of the tax, penalty, and/or interest relating to the omitted income or claims of erroneous deductions shall be paid by the party who earned the omitted income or proffered the claim for an erroneous deduction. The parties agree that nothing contained herein shall be construed as or is intended as a waiver of any rights that a party has under the "Innocent Spouse" provisions of the Internal Revenue Code.

Page 24 of 27

<u>Treatment/Allocation of Community Income for Year of Divorce</u>

IT IS ORDERED AND DECREED that, for the calendar year 2014, each party shall file an individual income tax return in accordance with the Internal Revenue Code.

IT IS ORDERED AND DECREED that for calendar year 2014, each party shall indemnify and hold the other party and his or her property harmless from any tax liability associated with the reporting party's individual tax return for that year unless the parties have agreed to allocate their tax liability in a manner different from that reflected on their returns.

IT IS ORDERED AND DECREED that each party shall furnish such information to the other party as is requested to prepare federal income tax returns for 2014 within thirty days of receipt of a written request for the information, and in no event shall the available information be exchanged later than March 1, 2015. As requested information becomes available after that date, it shall be provided within ten days of receipt.

IT IS ORDERED AND DECREED that all payments made to the other party in accordance with the allocation provisions for payment of federal income taxes contained in this Final Decree of Divorce are not deemed income to the party receiving those payments but are part of the property division and necessary for a just and right division of the parties' estate.

<u>Tax Exemption for Children</u>

IT IS ORDERED AND DECREED that CELIA CLANTON ROBERTS has the sole and exclusive right to claim the children, COREY SEBASTIAN ROBERTS and LILY MARIE ROBERTS, as dependents on her federal and/or state income taxes.

A-25

*Permanent Injunctions as to Persons*

The Court finds that, because of the conduct of COREY L. ROBERTS, a permanent injunction against him should be granted as appropriate relief because there is no adequate remedy at law.

The permanent injunction granted below shall be effective immediately and shall be binding on COREY L. ROBERTS; on his agents, servants, employees, and attorneys; and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.

**IT IS ORDERED AND DECREED that COREY L. ROBERTS is permanently enjoined from:**

**1.     Interfering in any way with the Managing Conservator's possession of the children or taking or retaining possession of the children, directly or in concert with other persons, except as permitted by order of the Court.**

**2.     Removing the children from the State of Texas.**

*Court Costs*

IT IS ORDERED AND DECREED that costs of court are to be borne by the party who incurred them.

*Discharge from Discovery Retention Requirement*

IT IS ORDERED AND DECREED that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

A-26

*Clarifying Orders*

Without affecting the finality of this Final Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

*Relief Not Granted*

IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied. This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable.

*Date of Judgment*

SIGNED on _August 26, 2014_.

_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

JOE D. ALFORD
Attorney at Law
105 South Market Street
Orange, Texas 77630
Tel: (409) 882-9014
Fax: (409) 882-0564

By:_____
JOE D. ALFORD
Attorney for Petitioner
State Bar No. 01012500
jd.alford@hotmail.com

A-27

## *Rule 107* Return of Service

(a) The officer or authorized person executing the citation must complete a return of service. The return may, but need not, be endorsed on or attached to the citation.

(b) The return, together with any document to which it is attached, must include the following information:

    (1) the cause number and case name;

    (2) the court in which the case is filed;

    (3) a description of what was served;

    (4) the date and time the process was received for service;

    (5) the person or entity served;

    (6) the address served;

    (7) the date of service or attempted service;

    (8) the manner of delivery of service or attempted service;

    (9) the name of the person who served or attempted to serve the process;

    (10) if the person named in (9) is a process server certified under order of the Supreme Court, his or her identification number and the expiration date of his or her certification; and

    (11) any other information required by *rule* or law.

(c) When the citation was served by registered or certified mail as authorized by *Rule* 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature.

(d) When the officer or authorized person has not served the citation, the return shall show the diligence used by the officer or authorized person to execute the same and the cause of failure to execute it, and where the defendant is to be found, if ascertainable.

(e) The officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is

      (First) (Middle) (Last)

_____, and my address is _____, ___, __, ___, and

         (Street)     (City)   (State)(Zip Code)

____. I declare under penalty of perjury that the foregoing is true and

correct.

    (Country)

Executed in _____County, State of ____, on the __day of _____,

___.

(Month)    (Year)

_____
Declarant"

**(f)** Where citation is executed by an alternative method as authorized by _Rule_ 106, proof of service shall be made in the manner ordered by the court.

**(g)** The return and any document to which it is attached must be filed with the court and may be filed electronically or by facsimile, if those methods of filing are available.

**(h)** No default judgment shall be granted in any cause until proof of service as provided by this _rule_ or by _Rules_ 108 or 108a, or as ordered by the court in the event citation is executed by an alternative method under _Rule_ 106, shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment.

# History

Amended by _Texas_ Supreme Court, Misc. Docket No. 11-9250, effective January 1, 2012.

**SOURCE:**
Arts. 2034 and 2036.
Change: That part of the _rule_ derived from Art. 2034 has been changed only textually. The last sentence of the _rule_ supersedes Art. 2036 in the District and County Courts in harmony with the new _rules_ making the time for answer date from the day of service.
Change by amendment effective January 1, 1978: Provides manner of return when service by mail or by an alternative method.
Change by amendment effective January 1, 1981: The only changes are the references to _Rule_ 106.
Change by amendment effective January 1, 1988: Amendments are made to conform to changes in _Rule_ 103.
Change by amendment effective September 1, 1990: To state more directly that a default judgment can be obtained when the defendant has been served with process in a foreign country pursuant to the provisions of _Rules_ 108 or 108a.

**EDITOR'S NOTE. --**
_Texas_ Supreme Court, Misc. Docket No. 11-9250 provides: "The provisions allowing a return of service to be filed electronically or by facsimile when those methods of filing are available supersede any contradictory local _rules_ or court orders."
PUBLICATION REFERENCES. --See _Texas_ Litigation Guide, Ch. 31, _Service on Residents_; Ch. 32, _Personal Jurisdiction and Service on Nonresidents_.
   See also _Civil_ Practice & Remedies Code §§ 17.021--_17.025_.
2011 amendment, by 11-9250, rewrote the first two sentences of the first undesignated paragraph, which read: "The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person. The return of citation by an authorized person shall be verified." and gave them the (a) designation; added (b); gave the second and third sentences of the first undesignated paragraph the (c) and (d) designations; in (d), substituted "if ascertainable" for "if he can ascertain"; added (e); gave the second undesignated paragraph the (f) designation; added (g); gave the third undesignated paragraph the (h) designation; and in (h), deleted "the citation, or process under _Rules_ 108 or 108a, with" after "cause until", and added "by an alternative method".

_Texas Rules_
Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group. All rights reserved.

*Texas* Court *Rules* > *STATE RULES* > *TEXAS RULES OF CIVIL PROCEDURE* > *PART II. RULES OF PRACTICE IN DISTRICT AND COUNTY COURTS* > *SECTION 11. Trial of Causes* > *A. APPEARANCE AND PROCEDURE*

## *Rule 239* Judgment by Default

Upon such call of the docket, or at any time after a defendant is required to answer, the plaintiff may in term time take judgment by default against such defendant if he has not previously filed an answer, and provided that return of service shall have been on file with the clerk for the length of time required by *Rule* 107.

## History

Amended by *Texas* Supreme Court, Misc. Docket No. 11-9250, effective January 1, 2012.

**EDITOR'S NOTE. --**
*Texas* Supreme Court, Misc. Docket No. 11-9250 provides: "The provisions allowing a return of service to be filed electronically or by facsimile when those methods of filing are available supersede any contradictory local *rules* or court orders."
PUBLICATION REFERENCES. --See *Texas* Litigation Guide, Ch. 100, *Default Judgment*.
2011 amendment, by G.O. 11-9250, substituted "return of service" for "citation with the officer's return thereon".

*Texas Rules*

Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group. All rights reserved.

*Texas* Court *Rules* > *STATE RULES* > *TEXAS RULES OF CIVIL PROCEDURE* > *PART II.* *RULES OF PRACTICE IN DISTRICT AND COUNTY COURTS* > *SECTION 11. Trial of Causes* > *H. JUDGMENTS*

## *Rule 301* Judgments

The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. Provided, that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any jury finding on a question that has no support in the evidence. Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law. Judgment may, in a proper case, be given for or against one or more of several plaintiffs, and for or against one or more of several defendants or intervenors.

*Texas Rules*

Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group. All rights reserved.