

# IN THE
# TENTH COURT OF APPEALS

## No. 10-13-00138-CV

**MIDSTATE ENVIRONMENTAL SERVICES, LP
AND JOHN DOE EMPLOYEE OF MIDSTATE
ENVIRONMENTAL SERVICES, LP,**

          **Appellants**

 **v.**

**KAYCI PETERSON, INDIVIDUALLY AND AS
NEXT FRIEND OF G.P., W.P., AND G.P.,**

          **Appellee**

       ————————————

**From the 82nd District Court
Falls County, Texas
Trial Court No. 12-08-38275-CV**

## OPINION

  Midstate Environmental Services, LP, pursues a restricted appeal from a default judgment rendered against it and in favor of Kayci Peterson, Individually and as next friend of Graham Peterson, Wellington Peterson, and Genevieve Peterson. Because the trial court erred in granting the default judgment, the trial court's judgment is reversed and this case is remanded to the trial court for further proceedings.

**RESTRICTED APPEAL**

A restricted appeal is a direct attack on the judgment. *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 792 (Tex. App.—Houston [1st Dist.] 1999, no pet.). To prevail on a restricted appeal, the appellant "must establish that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record." *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); TEX. R. APP. P. 30. Only the fourth element is at issue in this case.

The "face of the record" in a restricted appeal consists of the papers on file with the trial court when it rendered judgment. *See General Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 944 (Tex. 1991). We may not consider evidence unless it was before the trial court when it rendered judgment. *Id.*; *Laidlaw Waste Sys., Inc. v. Wallace*, 944 S.W.2d 72, 73 (Tex. App.—Waco 1997, writ denied).

**SERVICE OF THE DEFENDANT**

Midstate argues in its first issue that the trial court erred in granting a default judgment because there were defects in both the citation and the return of citation.

A default judgment can only be sustained if the record before the trial court affirmatively shows that the defendant was served in strict compliance with the Texas

Rules of Civil Procedure. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam). "In contrast to the usual rule that all presumptions will be made in support of a judgment, there are no presumptions of valid issuance, service, and return of citation when examining a default judgment." *Barker CATV Constr.*, 989 S.W.2d at 792; *see also Primate Constr., Inc.*, 884 S.W.2d at 152. Rendition of a default judgment when there is a failure to strictly comply with the Rules of Civil Procedure regarding service constitutes reversible error on the face of the record. *See Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009).

It is the responsibility of the one requesting service to see that service is properly accomplished. *Laidlaw Waste Sys., Inc. v. Wallace*, 944 S.W.2d 72, 75 (Tex. App.—Waco 1997, writ denied). This responsibility extends to assuring that service is properly reflected in the record. *Id*. If the record before the trial court does not affirmatively show, at the time that default judgment is rendered, that the defendant has appeared, was properly served, or waived service in writing, the trial court lacks personal jurisdiction over the defendant. *Marrot Commc'ns, Inc. v. Town & Country P'ship*, 227 S.W.3d 372, 376 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). Virtually any deviation from the requisites of statutes and Rules of Civil Procedure for service of process will destroy a default judgment. *Nueces County Housing Assistance, Inc. v. M & M Resources Corp.*, 806 S.W.2d 948, 949 (Tex. App.—Corpus Christi 1991, writ denied).

*Defects*

We agree there were defects in both the citation and the return of citation.

*The Citation*

One of the most glaring defects as to the citation is the lack of a seal. While language in the citation recites that it was "issued and given under my hand *and seal of said court*…" (emphasis added), there is no seal visible on the copy of the original citation in the clerk's record. The citation "shall . . . be signed by the clerk under seal of court..." TEX. R. CIV. P. 99(b)(2). Because we cannot presume a seal exists on the citation, the absence of a seal renders the original citation invalid. *Paramount Credit, Inc. v. Montgomery*, ___ S.W.3d ___, 2013 Tex. App. LEXIS 15289, *15 (Tex. App.—Houston [1st Dist.] Dec. 19, 2013, no pet. h.); *Verlander Enters., Inc. v. Graham*, 932 S.W.2d 259, 262 (Tex. App.—El Paso 1996, no pet.). *Contra, Consol. Am. Indus. v. Greit-Amberoaks, L.P.*, No. 03-07-00173-CV, 2008 Tex. App. LEXIS 9272, *5 (Tex. App.—Austin Dec. 12, 2008, no pet.) (requirement met when citation is signed by a deputy of the district court, as "issued and given under my hand and the seal of said court") (mem. op.). Accordingly, we join those courts that have held the absence of a seal is a defect in service that would make a default judgment improper.

Further, the citation is not "directed to the defendant." TEX. R. CIV. P. 99(b)(8). Instead, it is directed *to* National Registered Agents, Inc. According to the return, this is Midstate's registered agent. National Registered Agents, Inc. is not a defendant in

Peterson's original petition. Peterson faults Midstate for not citing any cases on point with this particular requirement. Nor could we find any cases with this particular defect. However, there are a number of cases in which a minute discrepancy between the named defendant on the citation and the person or entity listed on the return to whom the citation had been delivered required a reversal. *See e.g., Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam) (petition identified the registered agent for service as "Henry Bunting, Jr." but the citation and return reflected delivery to "Henry Bunting"); *Hendon v. Pugh*, 46 Tex. 211, 212 (1876) (petition identified the defendant as "J.W. Hendon" but return reflected delivery to "J.N. Hendon"); *Rone Eng'g Serv., Ltd. v. Culberson*, 317 S.W.3d 506, 508-09 (Tex. App.—Dallas 2010, no pet.) (citation issued to "Rone Engineers, Ltd." but final default judgment was entered against "Rone Engineering Service, Ltd."); *Hercules Concrete Pumping Serv., Inc. v. Bencon Mgmt. & Gen. Contracting Corp.*, 62 S.W.3d 308, 310 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (citation issued to "Hercules Concrete Pumping Service, Inc." but return reflected delivery to "Hercules Concrete Pumping"). With these cases in mind, there can be no doubt that a complete discrepancy between the defendant listed in the petition and the entity or person that the citation is directed to is a defect in service. Accordingly, we hold that the failure to direct the citation to the defendant named in the petition is a defect that would preclude a default judgment.

As to the return of citation, there is no indication on the return itself that it was ever filed with the clerk of the court, let alone that it was on file for ten days. *See* TEX. R. CIV. P. 107(h). Peterson responds that the return was attached to the citation on which there is a file-mark stamp from the clerk showing the citation was filed on September 17, 2012, long before the hearing on the default judgment was held.[1] However, the return need not be attached to the citation, *id*. (a), and there is no indication in the record that the return was attached to the citation and filed by the clerk. We cannot presume that it was. *See Primate Constr., Inc.,* 884 S.W.2d at 152; *Barker CATV Constr*., 989 S.W.2d at 792. Thus, this is also a defect that would preclude a default judgment.

## *Diligence or Lack of Negligence*

Peterson argues that Midstate failed to exercise due diligence in discovering the default judgment. However, a restricted appeal appellant is not required to show diligence or lack of negligence before its complaints will be heard. *Texaco v. Central Power & Light Co.*, 925 S.W.2d 586, 590 (Tex. 1996). Further, even if Midstate had actual notice of the lawsuit and pending hearing, actual notice to a defendant, without proper service, is not sufficient to give the court jurisdiction to render default judgment against the defendant. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). Rather, personal

---

[1] Peterson also attaches to her brief a document in an attempt to show that the return was on file for more than ten days. This document is not included in the appellate record, and we cannot consider it. *See Guajardo v. Conwell*, 46 S.W.3d 862, 864 (Tex. 2001).

jurisdiction as necessary for a proper default judgment is dependent upon citation being issued, delivered, and returned in the manner required by law. *See id*.

**CONCLUSION**

Based on the record before the trial court at the time the default judgment was rendered, there were a number of defects in the citation and return; therefore, the trial court erred in granting the default judgment. Thus, Midstate has established on appeal that there is error apparent on the face of the record. Having so held, we need not consider Midstate's second issue regarding the absence of a reporter's record for the hearing on unliquidated damages.

Midstate's first issue is sustained. We reverse the judgment of the trial court and remand this case for further proceedings.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Reversed and remanded
Opinion delivered and filed February 20, 2014
[CV06]