**Opinion issued June 2, 2015**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-15-00024-CV**

————————————

**COREY L. ROBERTS, Appellant**

**V.**

**CELIA CLANTON ROBERTS, Appellee**

---

**On Appeal from the County Court at Law**
**Orange County, Texas**
**Trial Court Case No. C-140473-D**

---

## MEMORANDUM OPINION

Appellant Corey L. Roberts appeals from a default divorce judgment rendered in favor of appellee Celia Clanton Roberts. In two issues, Corey contends that (1) the trial court erred by granting default judgment because the record does not affirmatively show that he was served with citation in strict compliance with

the Texas Rules of Civil Procedure, and (2) the trial court abused its discretion by naming Celia sole managing conservator of the couple's two children because Celia did not request such relief in her pleadings. We reverse and remand.[1]

A default judgment can only be sustained on direct attack if the record affirmatively demonstrates that the defendant was served with citation in strict compliance with the Texas Rules of Civil Procedure. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 231 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("We cannot affirm a default judgment unless it is clear from the face of the record upon whom the attempted service of process was made, where, when, how, and in what capacity."). Pursuant to Rule of Civil Procedure 107(h), a default judgment may only be obtained if the return of service has been on file with the court's clerk for ten days. TEX. R. CIV. P. 107(h). The lack of strict compliance with Rule 107(h) precludes the granting of default judgment. *See Midstate Envtl. Servs., LP v. Peterson*, 435 S.W.3d 287, 290–91 (Tex. App.—Waco 2014, no pet.).

In this case, the return of service filed on August 19, 2014. indicates that Corey was served with citation on July 31, 2014. The trial court granted default judgment in Celia's favor on August 26, 2014—seven days after the return of

---

[1] This appeal, originally filed in the Ninth Court of Appeals, Beaumont, Texas, was transferred to the First Court of Appeals, Houston, Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013) (authorizing transfer of cases).

service was filed with the clerk. Thus, the record affirmatively demonstrates that the default judgment is invalid because it was granted less than ten days after the return of service was filed with the clerk's office. *See id.*

Because the record affirmatively shows a lack of strict compliance with the Rules of Civil Procedure, we sustain Corey's first issue. Having sustained Corey's first issue, we need not consider his second issue.

## Conclusion

We reverse the default judgment and remand this case for further proceedings.

Russell Lloyd
Justice

Panel consists of Justices Keyes, Huddle, and Lloyd.