

# IN THE
# TENTH COURT OF APPEALS

### No. 10-24-00048-CV

### IN THE MATTER OF THE MARRIAGE OF
### YOLANDA SALAZAR BARON AND
### JOSE ELIAS BARON TERRAZAS AND
### IN THE INTEREST OF E.N.B. AND R.B., CHILDREN

**From the 82nd District Court**
**Falls County, Texas**
**Trial Court No. CV41637D**

## MEMORANDUM OPINION

Yolanda Salazar Baron petitioned for a divorce from Jose Elias Baron Terrazas and for custody of two children.[1] Jose did not answer the petition, and the trial court granted the petition for divorce and awarded custody of the children to Yolanda. Within six months of the trial court's Final Decree of Divorce, Jose file a restricted appeal. TEX. R. APP. P. 30. Because there was error on the face of the record, the trial court's Final Decree of Divorce, signed on July 13, 2024, is reversed, and the case is remanded to the trial court.

---

[1] Both the Petition and Final Decree spell the parties' last names as Baron. According to Jose, the correct spelling is Barrón. Nevertheless, we use the spelling as noted in the petition and decree.

**RESTRICTED APPEAL**

When a party does not participate in person or through counsel in a hearing that results in a judgment, the party may be eligible for a restricted appeal. TEX. R. APP. P. 30; *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014). Four elements must be proved by the filing party to sustain a proper restricted appeal. *See Pike-Grant*, 447 S.W.3d at 886 (see list of elements). Only the fourth element, that the filing party must prove error is apparent on the face of the record, is at issue in this case. *See id.* The "face of the record" in a restricted appeal consists of the papers on file with the trial court when it rendered judgment; and we may not consider evidence unless it was before the trial court when it rendered judgment. *See General Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 944 (Tex. 1991); *Midstate Envtl. Servs., LP v. Peterson*, 435 S.W.3d 287, 289 (Tex. App.—Waco 2014, no pet.).

In two issues, Jose contends that error appears on the face of the record of the underlying case which requires reversal of the trial court's default decree of divorce and a remand to the trial court because 1) the default decree lacks any evidence to support its substantive provisions, and, independently, 2) the citation and return do not strictly comply with the relevant rules of civil procedure. We address Jose's second issue first.

*Strict Compliance*

A default judgment can only be sustained if the record before the trial court affirmatively shows that the defendant was served in strict compliance with the Texas Rules of Civil Procedure. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *Midstate Envtl. Servs., LP v. Peterson*, 435 S.W.3d 287, 289 (Tex. App.—Waco 2014, no pet.).

A no-answer default judgment cannot stand if the defendant was not served in strict compliance with applicable requirements. *In re Lakeside Resort JV, LLC*, 689 S.W.3d 916, 922 (Tex. 2024); *Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020); *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). Because no-answer default judgments are disfavored, and because trial courts lack jurisdiction over a defendant who was not properly served with process, the Texas Supreme Court has construed "strict compliance" to mean just that, "strict compliance." *Spanton*, 612 S.W.3d at 316. *See also In re Lakeside Resort*, 689 S.W.3d at 920. Consequently, rendition of a default judgment when there is a failure to strictly comply with the Rules of Civil Procedure regarding service constitutes reversible error on the face of the record. *See Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009); *Midstate Envtl. Servs., LP v. Peterson*, 435 S.W.3d 287, 289 (Tex. App.—Waco 2014, no pet.).

Whether service strictly complies with the Rules of Civil Procedure is a question of law that is reviewed *de novo*. *Furst v. Smith*, 176 S.W.3d 864, 869-70 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Further, it is the responsibility of the one requesting service to see that service is properly accomplished. *Midstate Envtl. Servs., LP v. Peterson*, 435 S.W.3d 287, 289 (Tex. App.—Waco 2014, no pet.). As the reviewing court, we indulge no presumptions in favor of valid issuance, service, or return of citation. *Spanton*, 612 S.W.3d at 316; *Primate Constr. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). Instead, any doubts about a default judgment must be resolved against the party who secured the default. *In re Lakeside Resort*, 689 S.W.3d at 922.

Jose asserts that he was not served in strict compliance with the Texas Rules of

Civil Procedure in two ways: (1) the citation lacks the full disclaimer required by Rule 99(c), and (2) the officer's return does not confirm delivery of the petition to him as required by Rules 99(d) and 107(b)(3). We agree there were defects in both the citation and the officer's return.

### — *Citation*

Rule 99(c) provides that the citation "shall" include the following language to the defendant:

> You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

TEX. R. CIV. P. 99(c). The citation in this case included most of the required language, but failed to include the last three sentences:

> In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This failure would not have been fatal prior to the amendment to the rule, effective January 1, 2021, when the last three sentences were added. But the citation in this case was issued on May 4, 2023, well within the effective date of the modified Rule.

Yolanda contends the missing language is of no consequence since, she alleges, she was served later with Jose's post-divorce petition for the division of property, and the citation for that petition failed to include the same language. Even if this later citation

is relevant to this issue, a holding we do not make, that citation was not on file with the trial court when the trial court rendered judgment; thus, we cannot consider it. *See General Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 944 (Tex. 1991); *Midstate Envtl. Servs., LP v. Peterson*, 435 S.W.3d 287, 289 (Tex. App.—Waco 2014, no pet.).

Yolanda also contends that strict compliance does not mean "obeisance to the minutest detail," quoting an unpublished opinion from the Austin Court of Appeals, *Cuetara v. DSCH Capital Partners, LLC*, No. 03-16-00078-CV, 2016 Tex. App. LEXIS 7449 (Tex. App.—Austin July 14, 2016, no pet.) (mem. op.). *Cuetara* involved language in the return of a citation served by substituted service, not whether the citation itself, was faulty due to the lack of all the language required by Rule 99(c). Further, none of the cases cited by Yolanda involve the type of failure involved here. We have found no cases on point either. But, because the Supreme Court of Texas, in Misc. Docket No. 20-9153, saw fit to add the last three sentences to the required language of Rule 99(c), we will not call the addition a minute detail that need not be followed.

Accordingly, because strict compliance with Rule 99(c) was not accomplished, the failure of the citation to include all of the required language of Rule 99(c) is error on the face of the record.

—*The Return*

The person executing the citation must complete a return of service. TEX. R. CIV. P. 107(a). The return "must include," among other requirements, "a description of what was served." *Id*. 107(b)(3). Pursuant to Rule 106, a copy of the citation and of the petition must be served by delivery to the defendant. *See id*. 106(a)(1). The return of citation in

this case does not describe service of the petition.  It only describes service of the citation.

Because the return does not strictly comply with Rule 107, or with Rule 106, there is error on the face of the record.[2]  *See Furst v. Smith*, 176 S.W.3d 864, 872 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *Shamrock Oil Co. v. Gulf Coast Nat. Gas, Inc.*, 68 S.W.3d 737, 739 (Tex. App.—Houston [14th Dist.] 2001, pet. denied.).  *See also Ins. Co. of State of Pa.*, 297 S.W.3d 254, 255-256 (Tex. 2009); *Primate Constr. v. Silver*, 884 S.W.2d 151, 152-153 (Tex. 1994); *Avew Holding, Inc. v. Cty. of Williamson*, No. 01-18-00069-CV, 2019 Tex. App. LEXIS 1860, at *4-5 (Tex. App.—Houston [1st Dist.] Mar. 12, 2019, no pet.) (mem. op.); *Plummer v. Enterra Capital Inv'r Tr.*, No. 05-19-00255-CV, 2020 Tex. App. LEXIS 1459, at *5 (Tex. App.—Dallas Feb. 20, 2020, no pet.) (mem. op).

**CONCLUSION**

Based on the record before the trial court at the time the default judgment was rendered, there were defects in the citation and the return, and Jose has established on appeal that there is error apparent on the face of the record.  Thus, the trial court erred in granting the default judgment, and Jose's second issue is sustained.

Having sustained Jose's second issue, we need not consider Jose's first issue.

Accordingly, the trial court's Final Decree of Divorce is reversed, and this case is remanded for further proceedings.

TOM GRAY
Chief Justice

---

[2] Yolanda offers no rebuttal to this part of Jose's second issue other than to say that Jose relies on a case not on point with his argument.  Jose did not cite to the case in his complaint regarding the officers' return, which Yolanda distinguishes.

Before Chief Justice Gray,
      Justice Johnson,* and
      Justice Smith
*(Justice Johnson concurs in the judgment only)
Reversed and remanded
Opinion delivered and filed September 26, 2024
[CV06]

