

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00625-CV

_____

JEAN MICHEL SZABUNIEWICZ, INDIVIDUALLY AND IN HIS CAPACITY AS
FORMER TRUSTEE OF THE OAK LAWN INVESTMENT TRUST; OAK LAWN
GENERAL, INC.; OAK LAWN HOLDINGS I, L.P.; TEXAS URBAN
PROPERTIES, LTD.; TEXAS URBAN GP, INC.; OAK LAWN MEDICAL
PROPERTIES, L.P.; WILLOW PARK CONSTRUCTION, INC.; AND GUARANTY
FINANCE COMPANY, Appellants

V.

TODD MAY, IN HIS CAPACITY AS TRUSTEE OF THE BEVERLY TRUST,
Appellee

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CV25-0171

Before Birdwell, Womack, and Walker, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

In this restricted appeal, Appellants Jean Michel Szabuniewicz, individually and in his capacity as former Trustee of the Oak Lawn[1] Investment Trust (Szabuniewicz); Oak Lawn General, Inc.; Oak Lawn Holdings I, L.P.; Texas Urban Properties, Ltd.; Texas Urban GP, Inc.; Oak Lawn Medical Properties, L.P.; Willow Park Construction, Inc.; and Guaranty Finance Company (collectively, the Appellant entities) complain of the default judgment taken by Appellee Todd May, in his capacity as Trustee of the Beverly Trust[2] (May) in May's suit against them. Because the trial court erred in granting default judgment due to error on the face of the record—defects in the citations and returns of citation—we will reverse and remand to the trial court for further proceedings.

## II. BACKGROUND

### A. May files suit against Appellants and requests issuance of citations.

In February 2025, May filed suit against Appellants, alleging claims for breach of contract (against Szabuniewicz), breach of fiduciary duty (against Szabuniewicz), negligence and gross negligence (against Szabuniewicz), conversion (against all

---

[1]At times in the record, "Oak Lawn" is spelled "Oaklawn." We will use the spelling in the original petition.

[2]In 2023, the name of the "Oak Lawn Investment Trust" was changed to the "Beverly Trust," Szabuniewicz was removed as trustee, and May was named as successor trustee.

Appellants), statutory and common law fraud (against Szabuniewicz), fraud in a real estate transaction (against Szabuniewicz), money had and received (against all Appellants), fraud by nondisclosure (against Szabuniewicz), trust accounting (against Szabuniewicz), breach of duty of loyalty and removal of Szabuniewicz (against all Appellants), declaratory judgment, and attorneys' fees. According to the petition, the case involved "breach of fiduciary duties owed by . . . Szabuniewicz as trustee of a trust." Specifically, the petition alleged that Szabuniewicz "abused his position as trustee" and despite being removed as trustee, Szabuniewicz "continue[d] to exercise control of the entities owned in large part by the trust, allowing him to continue harming the trust."[3]

The petition named "John Michael Szabuniewicz a/k/a John Szabuniewicz" as a defendant and reflected that he could be served at "8213 Granbury Highway, Weatherford, Texas 76087." The petition stated that each of the defendant entities—Appellant entities herein—"may be served through its registered agent, Corporate Registered Agent Services, Inc., at 1951 Fort Worth Highway, Suite 105, Weatherford, Texas 76086."

---

[3]According to May's declaration filed in support of his motion for default judgment, the following Appellant entities "were created or utilized as part of the Trust for estate planning purposes": Oak Lawn General, Inc.; Oak Lawn Holdings I, L.P.; Texas Urban Properties, Ltd.; Texas Urban GP, Inc.; and Oak Lawn Medical Properties, L.P. With regard to the remaining Appellant entities—Willow Park Construction, Inc. and Guaranty Finance Company—the record reflects that they are "entities Szabuniewicz owns and/or controls."

On the same day that the petition was filed, May's attorney requested that citations be issued for all of the Appellants at the same addresses stated in the petition. The following day, the clerk issued citations.[4]

**B. After service, returns are attached to the motion for default judgment.**

Returns of citation were never filed with the clerk. Rather, they were attached to May's motion for default judgment, as were certificates of last known mailing addresses.[5] The returns contain no clerk's file-mark, do not include the clerk's citation, and reflect service on all of the Appellant entities as "delivered to the Authorized Agent by delivering a true copy . . . to: Jean Michel Szabuniewicz aka John Szabuniewicz at the address of: 1701 Robert Bend, Weatherford, TX 76086 on

[4]Consistent with May's request, the citations for most of the Appellant entities listed "Corporate Registered Agent Services, Inc." as their registered agent. However, although May requested the same registered agent for Oak Lawn Medical Properties, L.P., the clerk's citation listed service on it "[b]y and through its registered agent: Registered Agent Services, Inc."

[5]The certificates of last known mailing addresses contain multiple different addresses for the Appellant entities. *See* Tex. R. Civ. P. 239a (requiring a party or attorney taking a default judgment to "certify to the clerk in writing the last known email address and mailing address of the party against whom the judgment is taken"). According to those certificates, Oak Lawn General, Inc.'s and Guaranty Finance Company's last known address was "900 N. Houston St., Granbury, Texas 76048"; Oak Lawn Holdings I, L.P.'s and Oak Lawn Medical Properties, L.P.'s last known address was "1951 Fort Worth Hwy, Ste. 105, Weatherford, Texas 76086"; Texas Urban Properties, Ltd.'s last known address was "1951 Fort Worth Hwy, Ste. 1951, Weatherford, Texas 76086"; Texas Urban GP, Inc.'s last known address was "900 N. Houston St., Ste. 101, Granbury, Texas 76048"; and Willow Park Construction, Inc.'s last known address was "P.O. Box 2739, Weatherford, Texas 76086." After taking the default judgment, May listed these same addresses when requesting an abstract of judgment.

behalf of" the Appellant entity "by and through Jean Michel Sazabuniewicz [sic]."[6] The return on Szabuniewicz states that it was "individually/personally delivered by delivering a true copy of [certain listed documents] with the date of service endorsed thereon by me, to: Jean Michel Szabuniewicz a/k/a John Szabuniewicz, Individually and in [h]is capacity as former trustee of the Oak Lawn Investment Trust."[7]

## C. After Appellants fail to answer or appear, the trial court has a hearing and enters judgment against Appellants.

Appellants did not answer or otherwise appear. In June 2025, the trial court had a hearing on May's motion for default judgment. At the hearing, May's attorney stated that the "returns of service for the service on [Appellants] have been on file since February 28th." However, no such documents appear in the clerk's record. The trial court then proceeded to hear the testimony of May and to admit various documents into evidence.

On the same day as the hearing, the trial court signed a default judgment awarding May "from [Appellants] jointly and severally the sum of $7,668,148.24" and "from [Appellants] jointly and severally reasonable and necessary attorneys' fees in the sum of $95,189.55" and conditional appellate attorneys' fees. In addition, the judgment ordered Szabuniewicz to pay May exemplary damages in the amount of

---

[6]We have removed all emphases that are in the returns.

[7]Szabuniewicz's return reflects service at "1701 Roberts Bend" as opposed to the returns for the Appellant entities at "1701 Robert Bend."

$2,000,000. Finally, it awarded declaratory relief and permanent injunctive relief against all Appellants. This restricted appeal followed.

## III. DISCUSSION

In six issues,[8] Appellants complain about the trial court's order granting the default judgment. However, we will address only their first issue—that service failed to comply with the Texas Rules of Civil Procedure—as it is dispositive. *See* Tex. R. App. P. 47.1.

### A. Standard of Review and Applicable Law

A restricted appeal is a direct attack on a trial court's judgment. *Aero at Sp. Z.O.O. v. Gartman*, 469 S.W.3d 314, 315 (Tex. App.—Fort Worth 2015, no pet.). To prevail in a restricted appeal, an appellant must establish that (1) it filed its notice of restricted appeal within six months after the judgment was signed, (2) it was a party to

---

[8]As phrased by Appellants, the six issues are: (1) Whether the trial court lacked personal jurisdiction over [Appellants] because service of process failed to strictly comply with Texas Rule of Civil Procedure 107, rendering the default judgment void; (2) Whether the trial court violated [Appellants'] due-process rights by transferring the case to a different court without notice to [Appellants] before entering a default judgment; (3) Whether the default judgment is unsupported by legally sufficient evidence because the sole witness lacked personal knowledge of key facts and the governing trust agreements expressly authorized the conduct alleged to be wrongful; (4) Whether the trial court erred by awarding $7,668,148.24 in compensatory damages where the record contains no legally sufficient evidence of actual loss, causation, or damages allocation; (5) Whether the trial court erred by imposing joint and several liability against multiple defendants in the absence of evidence establishing a basis for collective liability; and (6) Whether the trial court erred by awarding $2,000,000 in exemplary damages against Szabuniewicz without clear and convincing evidence of fraud, malice, or gross negligence.

the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see also Ex parte E.H.*, 602 S.W.3d 486, 497 (Tex. 2020) (confirming that, unlike the first three restricted appeal requirements, the error-on-the-face-of-the-record requirement is not jurisdictional).

A default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict compliance with applicable requirements. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *see World Env't, L.L.C. v. Wolfpack Env't, L.L.C.*, No. 01-08-00561-CV, 2009 WL 618697, at *2 (Tex. App.—Houston [1st Dist.] Mar. 12, 2009, no pet.) (mem. op.) ("A default judgment cannot stand unless the record shows strict compliance with the rules of civil procedure governing issuance, service, and return of service."); *see also Huffman Asset Mgmt., LLC v. Colter*, No. 24-0205, 2026 WL 1500963, at *5 (Tex. May 29, 2026) ("The [Texas Supreme] Court is increasingly skeptical of default judgments, regardless of the precise legal issue under consideration or the procedural posture in which the case arises."). There are no presumptions in favor of valid issuance, service, and return of citation in the face of a restricted appeal of a default judgment. *World Env't, L.L.C.*, 2009 WL 618697, at *2. The strict-compliance doctrine considers whether the record shows that the exact procedural requirements are met and not whether the intended party

received notice of the lawsuit. *Brookfield Funding, LLC v. Ramey & King Ins. Assocs., Inc.*, No. 02-25-00201-CV, 2025 WL 3558965, at \*2 (Tex. App.—Fort Worth Dec. 11, 2025, no pet.) (mem. op.); *see Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020) (stating that because no-answer default judgments are disfavored and because trial courts lack jurisdiction over defendants who are not properly served with process, "we have construed 'strict compliance' to mean just that").

When proper service is challenged, it must be proved, not presumed. *Shamrock Enters., LLC v. Top Notch Movers, LLC*, 728 S.W.3d 693, 695 (Tex. 2026). No-answer default judgments are disfavored in Texas and cannot be sustained "absent meticulous adherence to service requirements." *Id.* at 699. "If the record does not affirmatively demonstrate proper service, a no-answer default judgment cannot stand." *Id.* at 696. "Virtually any deviation from the requisites of statutes and Rules of Civil Procedure for service of process will destroy a default judgment." *Midstate Env't Servs., LP v. Peterson*, 435 S.W.3d 287, 289 (Tex. App.—Waco 2014, no pet.). It is the responsibility of the one requesting service to see that service is properly accomplished. *Id.* This responsibility extends to assuring that service is properly reflected in the record. *Id.*

"The return of service is not a trivial, formulaic document; rather, it is prima facie evidence of proper service." *Brookfield Funding, LLC*, 2025 WL 3558965, at \*2. Defective service is considered error on the face of the record. *World Env't, L.L.C.*, 2009 WL 618697, at \*2. For purposes of a restricted appeal, the face of the record

8

consists of all the papers on file in the appeal, including the clerk's record and the reporter's record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997).

## B. Analysis of First Three Restricted Appeal Requirements

Before we consider whether there is error on the face of the record, we must determine whether Appellants have properly invoked our jurisdiction by satisfying the first three restricted appeal requirements. *See E.H.*, 602 S.W.3d at 496–97; *see also Mingus v. Claiborne*, No. 02-25-00361-CV, 2025 WL 3560109, at *2 (Tex. App.—Fort Worth Dec. 11, 2025, no pet.) (mem. op.) (analyzing the first three restricted appeal requirements and concluding that they were met).

Regarding the first requirement, the record reflects that the default judgment was signed on June 3, 2025, and Appellants filed their notice of restricted appeal on November 18, 2025. Thus, Appellants filed their notice of restricted appeal before the six-month deadline. *See* Tex. R. App. P. 26.1(c).

With regard to the second requirement, May's petition listed Appellants as defendants, so they were necessarily parties to the underlying suit. *See Reliq Health Techs., Inc. v. Resurgence Partners, LLC*, No. 02-23-00211-CV, 2023 WL 8467376, at *2 (Tex. App.—Fort Worth Dec. 7, 2023, no pet.) (mem. op.) (concluding that the second requirement for a restricted appeal was met because appellant was named as a defendant in the petition). In addition, the default judgment named all Appellants as parties. Therefore, the second requirement was met.

9

As to the third requirement, the record reflects that Appellants did not participate in the trial court proceedings and did not file any post-judgment motions. Accordingly, Appellants have met the third and final requirement to invoke our restricted appeal jurisdiction. *See Mingus*, 2025 WL 3560109, at *2.

## C. Analysis of Fourth Requirement:  Error on the Face of the Record

In its first issue, Appellants argue that there is error on the face of the record "because the service of process failed to strictly comply with the Texas Rules of Civil Procedure."  Appellants further contend that there were "numerous defects as to who was served and as to the name of the case."  We agree.

As to all of the returns, there is no indication on the returns themselves that they were ever filed with the clerk of the court, let alone that each was on file for ten days.  *See* Tex. R. Civ. P. 107(g) ("The return and any document to which it is attached must be filed with the court . . . ."), (h) ("No default judgment shall be granted in any cause until proof of service as provided by this rule . . . shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment."); *see also Midstate Env't Servs., LP*, 435 S.W.3d at 290–91 (stating that "there is no indication on the return itself that it was ever filed with the clerk of the court, let alone that it was on file for ten days" and that "this is also a defect that would preclude a default judgment"); *Union Pac. Corp. v. Legg*, 49 S.W.3d 72, 78 (Tex. App.—Austin 2001, no pet.) (stating that the clerk's return of the citation and certified-mail receipt "do not bear a file mark or other indication that they were in fact filed with the

10

clerk on a particular day, or that they were, indeed, filed at all" and therefore, "they do not show they were 'on file' for the requisite ten days before default judgment was granted").

Moreover, the returns for the Appellant entities that were attached to the motion for default judgment do not reflect proper service on any of the entities. As we have recently explained, corporations and other legal entities are not persons capable of accepting service. *Nartha Hosp. Grp., L.P. v. Shanks*, No. 02-24-00465-CV, 2025 WL 2087933, at *4 (Tex. App.—Fort Worth July 24, 2025, no pet.) (mem. op.). Because they cannot physically accept such service, they must be served through their authorized agents only, and service to the corporation or entity as a whole or an individual not listed in the citation is not proper service. *Id.* "Where service is on a corporation or entity, Rule 107 requires the return of service to show both the name of the individual served and that the individual was authorized to receive service on behalf of the corporation or entity." *Id.*; *see Hall v. Mansfield Indep. Sch. Dist.*, No. 02-24-00201-CV, 2024 WL 5162468, at *3 (Tex. App.—Fort Worth Dec. 19, 2024, no pet.) (mem. op.) ("When serving an entity's agent, the citation must affirmatively show that the individual served is *in fact* the agent for service." (emphasis added)); *Inlog, Inc. v. Ryder Truck Rental, Inc.*, No. 02-19-00283-CV, 2020 WL 1887846, at *2 (Tex. App.—Fort Worth Apr. 16, 2020, no pet.) (mem. op.) ("[W]here service is on a corporation, Rule 107 requires the return to show both the name of the person who received service and that the person was authorized to do so.").

11

Texas law provides for personal service of a Texas corporation by requiring the corporation to designate and continuously maintain a registered agent for service of process. *See* Tex. Bus. Orgs. Code § 5.201(a). "A corporation's registered agent may be an individual or a corporation, and, in either case the registered agent must maintain a business office at the corporation's registered office address." *JD Auto Corp. v. Bell*, 697 S.W.3d 441, 452 (Tex. App.—El Paso 2024, no pet.); *see* Tex. Bus. Orgs. Code § 5.201(b)(3). A plaintiff may serve a corporation's registered agent, its president, or its vice president to perfect service of process on a defendant corporation. *See* Tex. Bus. Orgs. Code §§ 5.201(b), .255(1).

"[S]ervice on a limited partnership may be made on its general partner or registered agent." *WWLC Inv., L.P. v. Miraki*, 624 S.W.3d 796, 799 (Tex. 2021); *see* Tex. Bus. Orgs. Code §§ 5.201(b)(1), .255(2). Unlike a corporation, service on a limited partnership is not authorized to be made through an officer. *WWLC Inv., L.P.*, 624 S.W.3d at 800; *see* Tex. Bus. Orgs. Code § 5.255(1)–(2) (authorizing service on a "corporation['s]" president but omitting a similar authorization for limited partnerships).

Here, May's petition alleged that all of the Appellant entities could be served "through their registered agent, Corporate Registered Agent Services, Inc. at 1951 Fort Worth Highway, Suite 105, Weatherford, Texas 76086." The clerk then issued citations accordingly, with the exception of Oak Lawn Medical Properties, L.P., where the citation listed service through its registered agent "Registered Agent

12

Service, Inc." instead of "Corporate Registered Agent Services, Inc." However, all of the returns show service on the Appellant entities as being "delivered to the Authorized Agent by delivering a true copy . . . to: Jean Michel Szabuniewicz aka John Szabuniewicz at the address of: 1701 Robert Bend, Weatherford, TX 76086 . . . by and through Jean Michel Sazabuniewicz [sic]."

Corporate Registered Agent Services, Inc. was the only agent whose authority was apparent from the face of the record that was authorized to receive service for any of the Appellant entities. *See* Tex. Bus. Orgs. Code § 5.201(b) (providing that a domestic entity may name as its registered agent either an individual residing in the state or another "organization" that is registered or authorized to do business in the state). Because the record does not show that the person who was actually served— Szabuniewicz—was the registered agent or other appropriate person for service, service of process on each entity was fatally defective. *See Bellaire Kingtown, LLC v. Alegria Dental Care, PLLC*, No. 14-24-00192-CV, 2025 WL 3551775, at *3 (Tex. App.—Houston [14th Dist.] Dec. 11, 2025, no pet.) (mem. op.) ("The record must show that the person served was in fact an agent for the business entity authorized to accept service on its behalf."); *Greystar, LLC v. Adams*, 426 S.W.3d 861, 867–68 (Tex. App.—Dallas 2014, no pet.) (holding that service obtained "by delivering citation to Greystar LLC 'by delivering to its' Office Manager, JAMIE DAITCH'" instead of to "its registered agent CT Corporation System" as stated on the citation was fatally defective because "the person who accepted service was not the entity stated on the

13

citation"); *see also Reed Elsevier, Inc. v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 180 S.W.3d 903, 905 (Tex. App.—Dallas 2005, pet. denied) ("The record must show whether the person served was in fact such an agent for the corporation acting as the registered agent."); *Pharmakinetics Labs., Inc. v. Katz*, 717 S.W.2d 704, 706 (Tex. App.—San Antonio 1986, no writ) ("[W]hen serving an agent for a corporation or other entity, the citation must affirmatively show that the individual served is in fact the agent for service.").

Moreover, the fact that all of the Appellant entities were served at addresses that differed from those in the pleadings and the citations raises uncertainty about whether the appropriate agents of the Appellant entities were indeed served. *See Turbo Rests., LLC v. Reid's Refrigeration Inc.*, 657 S.W.3d 490, 498 (Tex. App.—El Paso 2022, no pet.) (concluding that the variation in the addresses raised uncertainty about whether the corporation's registered agent was in fact the entity served and noting that the petition, citation, and certificate of last known mailing address all listed the registered agent's address at one place, "yet without explanation, the return of service shows that service was made at a completely different address in a completely different zip code"). Other errors on the face of the record include returns that sometimes spell Appellant's name "Szabuniewicz" and at other times "Sazabuniewicz," thereby creating additional uncertainty about the identity of the individual who was served. *See Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007) (stating that we rigidly enforce rules governing service when a default judgment is

14

rendered because after the defendant fails to respond to the action, "[i]f the defendant can then show that the person commencing the action was guilty of comparable nonconformity with procedural rules, under a principle of equality the derelictions offset each other and the merits of the controversy may be brought forward for consideration" (quoting *Wilson*, 800 S.W.2d at 837 and Restatement (Second) of Judgments § 3 cmt. d (1982))). Moreover, the returns have an additional defect in that appellant "Oak Lawn General, Inc." is identified on each return as "1 Oak Lawn General, Inc." While these address and name discrepancies alone may not invalidate service, service on the wrong person or agent for the Appellant entities does.

Here, the record fails to affirmatively show strict compliance with the rules governing issuance, service, and return of service. Failure to comply with the strict rules governing service of citation constitutes error on the face of the record. *See Ins. Co. of St. of Pa. v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009). Accordingly, we sustain Appellants' first issue.

Because these defects alone are sufficient to reverse the default judgment, we need not address any other complaints that Appellants raise about the returns of service or the default judgment. *See* Tex. R. App. P. 47.1; *Brookfield Funding, LLC*, 2025 WL 3558965, at *2.

## IV. CONCLUSION

Having sustained Appellants' first issue and not needing to address the rest, we reverse the trial court's default judgment as to all parties[9] and remand the case for further proceedings.

/s/ Dana Womack

Dana Womack
Justice

Delivered:  June 25, 2026

---

[9] *See Lytle v. Cunningham*, 261 S.W.3d 837, 841 (Tex. App.—Dallas 2008, no pet.) ("When there are co-defendants, and the trial court did not have personal jurisdiction over one defendant, the final judgment as to all defendants must be reversed."); *Worldwide Ventures, LP v. 3600 SC I, LLC*, No. 03-16-00539-CV, 2018 WL 828965, at *2 (Tex. App.—Austin Feb. 7, 2018, no pet.) (mem. op.) (similar).